UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | ED CV 22-00655-JAK (DFM) | Date: | July 7, 2022 |
|---|---|---|---|
| Title | Jarred Tyler Earnest v. San Bernadino County | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Why the First Amended Petition Should Not Be Dismissed as Unexhausted

On April 13, 2022, Petitioner Jarred Tyler Earnest constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1. On April 18, the Court ordered Petitioner to show cause why the Petition should not be summarily dismissed. See Dkt. 4. The Court noted that the Petition was largely blank, and that Petitioner appeared to challenge state evidentiary determinations, which are not cognizable on federal habeas review. See id.

On April 26, Petitioner constructively filed a First Amended Petition. See Dkt. 5. Petitioner alleges that he is detained at Atascadero State Hospital in connection with San Bernardino County Superior Court case no. FMB21000021. Petitioner's sole claim for relief is "Federal judge, FBI Agent, doctorate degrees." See id. at 4. Petitioner alleges that he appealed to the California Court of Appeal, filed a petition for review with the California Supreme Court, and filed a petition for certiorari in the United States Supreme Court. See id. at 3-4.

According to state-court records, on January 19, 2021, criminal charges were filed against Plaintiff in the San Bernardino Superior Court. See People v. Earnest, No. FMB21000021, Public Portal, https://cap.sb-court.org/search (search by case number) (last accessed June 13, 2022). The charges were indecent exposure and assault with a deadly weapon other than a firearm. See id. However, doubt was quickly declared as to Plaintiff's mental health, and the proceedings were suspended. See id. In early 2022, a confidential mental health report was filed. See id. A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

placement review was held on March 16, 2022, but nothing has been added to the docket since. See id.

The California courts case website shows that Petitioner has not filed anything in the California Court of Appeal or California Supreme Court. See Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for "Earnest"). This is a problem. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, it appears that Petitioner has not presented his claims to the California Supreme Court and so the Petition is subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. It is unclear whether Petitioner can meet the Rhines requirements.

**IT THEREFORE IS ORDERED** that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following: **(1)** file additional documents to demonstrate that he has exhausted all claims contained in the Petition; **(2)** request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or **(3)** file a formal stay-and-abey motion if he believes he can make the required showings under Rhines.

**Petitioner is expressly warned that his failure to timely comply with this order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**